# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| McCUNE MOTORS,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br><br>NEW CENTURY BUILDINGS, LLC,<br><br>　　　　　　　　Defendant. | CASE NO. 08CV0396-LAB (WMc)<br><br>**ORDER REQUIRING<br>JURISDICTIONAL BRIEFING** |

　　Plaintiff McCune Motors, a California corporation, filed this action in San Diego County Superior Court seeking rescission of its contract with New Century Buildings, LLC ("New Century") for construction of a Fast Lube in National City, alleging mutual mistake, and recovery of $230,000.00 it paid on the contract. The Complaint alleges New Century is "a limited liability company with its principal offices in Portland, Oregon." Compl. ¶ 2.

　　New Century has filed a Notice Of Removal of the action to federal court. New Century invokes this court's removal jurisdiction under 28 U.S.C. § 1441(b), contending the matter "is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs." Removal Notice ¶ 4. To satisfy 28 U.S.C. § 1332(a)(1), New Century alleges "diversity of citizenship exists because the matter in controversy is between 'citizens of different States.'" Removal Notice ¶ 5. It alleges in support of that contention "New Century was, at all relevant times, and still is, an Oregon corporation with its principal place of business in Oregon." Id. Its accompanying

Corporate Disclosure Statement pursuant to FED.R.CIV.P. 7 states only that it has no parent corporation, and no publicly held corporation owns 10% or more of its stock. Dkt No. 3.

      Federal courts have limited jurisdiction, possessing only that power authorized by the Constitution or by statute. See Gould v. Mutual Life Ins. Co. of N.Y., 790 F.2d 769, 774 (9th Cir. 1986). A federal court must determine its own jurisdiction to decide a case as a threshold matter, and may raise jurisdictional issues *sua sponte*. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 93-94 (1998) (rejecting the practice of "assuming" jurisdiction under a "doctrine of "hypothetical jurisdiction"). If the federal court lacks jurisdiction, it is powerless to reach the merits of the parties' disputes. Id. Cases relying on diversity of citizenship must affirmatively show federal jurisdiction exists, with the burden on the party invoking it to demonstrate the matter is properly before the court. Thornhill Publishing Co. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Bautista v. Pan American World Airlines, Inc., 828 F.2d 546, 552 (9th Cir. 1987) ("The essential elements of diversity jurisdiction, including the diverse residence of all parties, must be affirmatively alleged in the pleadings") (citation omitted).

      McCune identifies New Century as a limited liability company ("LLC"). New Century does not dispute the "LLC" designation, and in fact uses that suffix to identify itself in those areas of the Notice of Removal where it states its full name, although it also refers to itself as a "corporation." An LLC is a special form of business entity recognized in a number of states, including Oregon and California. See, *e.g.* Cal. Corps. Code §§ 17000 et seq.; O.R.S. § 63. An LLC entity is treated in the same manner as a partnership entity for diversity purposes, that is, the citizenship of each of its members must be identified to establish the LLC's citizenship for comparison to opposing parties' citizenship. Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990); *see also* Fischer v. Zespri Fresh Produce North America, Inc., 2007 WL 2385074 at *5 (E.D.Cal., Aug. 17, 2007) ("every circuit that has addressed the question treats [LLCs] like partnerships for the purposes of diversity jurisdiction. . . and . . . like a partnership, an LLC is a citizen of every state of which its owners/members are citizens") (citations omitted); Johnson v. Columbia Properties

1 Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see Rolling Greens MHP, L.P. v.
2 Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004).  Unlike a
3 corporation, which is deemed to be a citizen of the state in which it was organized and of the
4 state in which it has its principal place of business (28 U.S.C. § 1332(c)(1)), an LLC is not
5 a citizen of the state in which it was organized unless one of its members is a citizen of that
6 state.  See Hale v. MasterSoft Int'l Pty. Ltd., 93 F.Supp.2d 1108, 1112 (D.Colo. 2000).

7      From the face of the Removal Notice, the court is unable to conclude unequivocally
8 it has removal jurisdiction over this dispute.  "Limited liability companies" under Oregon law
9 appear to be defined as unincorporated associations.  O.R.S. § 63.001(17).  Therefore the
10 "LLC" designation conflicts with New Century's references to itself as a "corporation."  New
11 Century bears the burden to demonstrate removal jurisdiction exists.  Accordingly, **IT IS**
12 **HEREBY ORDERED** New Century shall file a supplement to its Notice of Removal within ten
13 (10) days of the date this Order is entered to substantiate the nature of its entity status and
14 to expressly identify every state of which it may be considered a citizen, applying the rules
15 applicable to its actual entity status.  See 28 U.S.C. § 1653.  If it concludes complete
16 diversity is lacking, it shall so state and request the matter be remanded to the Superior
17 Court.

18      **IT IS SO ORDERED**.
19 DATED: March 4, 2008

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge