1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**
9               **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   McCUNE MOTORS,                              CASE NO. 08CV0396-LAB (WMc)
12                              Plaintiff,       **ORDER REQUIRING**
          vs.                                    **JURISDICTIONAL BRIEFING**
13
14   NEW CENTURY BUILDINGS, LLC,
15                              Defendant.

16          Plaintiff McCune Motors, a California corporation, filed this action in San Diego

17   County Superior Court seeking rescission of its contract with New Century Buildings, LLC

18   ("New Century") for construction of a Fast Lube in National City, alleging mutual mistake,

19   and recovery of $230,000.00 it paid on the contract.  The Complaint alleges New Century

20   is "a limited liability company with its principal offices in Portland, Oregon."  Compl. ¶ 2.

21          New Century has filed a Notice Of Removal of the action to federal court.  New

22   Century invokes this court's removal jurisdiction under 28 U.S.C. § 1441(b), contending the

23   matter "is a civil action between citizens of different states and the matter in controversy

24   exceeds the sum of $75,000, exclusive of interest and costs."  Removal Notice ¶ 4.  To

25   satisfy 28 U.S.C. § 1332(a)(1), New Century alleges "diversity of citizenship exists because

26   the matter in controversy is between 'citizens of different States.'"  Removal Notice ¶ 5.  It

27   alleges in support of that contention "New Century was, at all relevant times, and still is, an

28   Oregon corporation with its principal place of business in Oregon."  Id.   Its accompanying

1   Corporate Disclosure Statement pursuant to FED.R.CIV.P. 7 states only that it has no parent

2   corporation, and no publicly held corporation owns 10% or more of its stock.  Dkt No. 3.

3       Federal courts have limited jurisdiction, possessing only that power authorized by the

4   Constitution or by statute.  *See* Gould v. Mutual Life Ins. Co. of N.Y., 790 F.2d 769, 774 (9th

5   Cir. 1986).   A federal court must determine its own jurisdiction to decide a case as a

6   threshold matter, and may raise jurisdictional issues *sua sponte*.  Steel Co. v. Citizens for

7   a Better Environment, 523 U.S. 83, 93-94 (1998) (rejecting the practice of "assuming"

8   jurisdiction under a "doctrine of "hypothetical jurisdiction").   If the federal court lacks

9   jurisdiction, it is powerless to reach the merits of the parties' disputes.  Id.  Cases relying on

10  diversity of citizenship must affirmatively show federal jurisdiction exists, with the burden on

11  the party invoking it to demonstrate the matter is properly before the court.   Thornhill

12  Publishing Co. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Bautista v.

13  Pan American World Airlines, Inc., 828 F.2d 546, 552 (9th Cir. 1987) ("The essential

14  elements of diversity jurisdiction, including the diverse residence of all parties, must be

15  affirmatively alleged in the pleadings") (citation omitted).

16      McCune identifies New Century as a limited liability company ("LLC").  New Century

17  does not dispute the "LLC" designation, and in fact uses that suffix to identify itself in those

18  areas of the Notice of Removal where it states its full name, although it also refers to itself

19  as a "corporation."   An LLC is a special form of business entity recognized in a number of

20  states, including Oregon and California.  *See*, *e.g.* Cal. Corps. Code §§ 17000 et seq.;

21  O.R.S. § 63. An LLC entity is treated in the same manner as a partnership entity for diversity

22  purposes, that is, the citizenship of each of its members must be identified to establish the

23  LLC's citizenship for comparison to opposing parties' citizenship.   Carden v. Arkoma

24  Associates, 494 U.S. 185, 195-96 (1990); *see also* Fischer v. Zespri Fresh Produce North

25  America, Inc., 2007 WL 2385074 at *5 (E.D.Cal., Aug. 17, 2007) ("every circuit that has

26  addressed the question treats [LLCs] like partnerships for the purposes of diversity

27  jurisdiction. . . and . . . like a partnership, an LLC is a citizen of every state of which its

28  owners/members are citizens") (citations omitted); Johnson v. Columbia Properties

<u>Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006); *see* <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.</u>, 374 F.3d 1020, 1021-22 (11th Cir. 2004).   Unlike a corporation, which is deemed to be a citizen of the state in which it was organized and of the state in which it has its principal place of business (28 U.S.C. § 1332(c)(1)), an LLC is not a citizen of the state in which it was organized unless one of its members is a citizen of that state.   *See* <u>Hale v. MasterSoft Int'l Pty. Ltd.</u>, 93 F.Supp.2d 1108, 1112 (D.Colo. 2000).

From the face of the Removal Notice, the court is unable to conclude unequivocally it has removal jurisdiction over this dispute.  "Limited liability companies" under Oregon law appear to be defined as unincorporated associations.  O.R.S. § 63.001(17).  Therefore the "LLC" designation conflicts with New Century's references to itself as a "corporation."  New Century bears the burden to demonstrate removal jurisdiction exists.  Accordingly, **IT IS HEREBY ORDERED** New Century shall file a supplement to its Notice of Removal within ten (10) days of the date this Order is entered to substantiate the nature of its entity status and to expressly identify every state of which it may be considered a citizen, applying the rules applicable to its actual entity status.  *See* 28 U.S.C. § 1653.  If it concludes complete diversity is lacking, it shall so state and request the matter be remanded to the Superior Court.

**IT IS SO ORDERED**.

DATED:  March 4, 2008

**HONORABLE LARRY ALAN BURNS**
United States District Judge