1  COOLEY GODWARD KRONISH LLP
   KOJI F. FUKUMURA (189719) (kfukumura@cooley.com)
2  RYAN E. BLAIR (246724) (rblair@cooley.com)
   4401 Eastgate Mall
3  San Diego, CA  92121
   Telephone:     (858) 550-6000
4  Facsimile:     (858) 550-6420

5  THE ROSEN LAW FIRM
   STEVEN O. ROSEN (*pro hac vice application to be filed*)
6  Old Federal Courthouse, Suite 702
   620 S.W. Main Street
7  Portland, OR 97205
   Telephone:     (503) 525-2525
8  Facsimile:      (503) 525-2526

9  Attorneys for Defendant NEW CENTURY BUILDINGS, LLC

10

11                        UNITED STATES DISTRICT COURT

12                       SOUTHERN DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  McCUNE MOTORS, | Case No.  08-cv-00396-LAB-WMC |
| 15           Plaintiff, | **DEFENDANT NEW CENTURY BUILDINGS, LLC'S ANSWER TO COMPLAINT AND COUNTERCLAIM** |
| 16      v. | |
| 17  NEW CENTURY BUILDINGS, LLC, | Hon. Larry A. Burns |
| 18           Defendant. | (Jury Trial Demanded) |
| 19  NEW CENTURY BUILDINGS, LLC, | |
| 20           Counter-Claimant, | |
| 21      v. | |
| 22  McCUNE MOTORS, | |
| 23           Counter-Respondent | |

24
25
26
27
28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

08-CV-00396-LAB-WMC
DEFENDANT'S ANSWER AND COUNTERCLAIM

## ANSWER TO COMPLAINT

Defendant New Century Buildings, LLC ("New Century") admits, denies, and alleges as follows:

1. New Century denies knowledge or information sufficient to form a belief as to the allegations of paragraph 1 and therefore denies those allegations.

2. New Century admits that it is a limited liability company with its principal offices in Portland, Oregon. New Century denies knowledge or information sufficient to form a belief as to the remaining allegation of paragraph 2 and therefore denies those allegations.

3. New Century admits that a portion of the contract was to be performed in the city of National City, California. New Century denies the remaining allegations of paragraph 3.

4. New Century admits that plaintiff named DOES 1 through 10 as defendants. New Century denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 4 and therefore denies those allegations.

5. New Century denies knowledge or information sufficient to form a belief as to the allegations of paragraph 5 and therefore denies those allegations.

6. New Century admits that it entered into negotiations to erect a Fast Lube building at plaintiff's property located at the corner of National City Boulevard and 30th Street; however, New Century denies that it knew the location of the property at the beginning of the negotiations. New Century denies the remaining allegations of paragraph 6.

7. New Century denies that it made inquiries of the City of National City for the erection of the building. New Century denies knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 7 and therefore denies those allegations.

8. New Century admits that it entered into an agreement with plaintiff on or about September 12, 2005, a copy of which was attached as Exhibit A to the Complaint ("Agreement"). New Century admits that plaintiff agreed to purchase a Fast Lube building that would be erected on property in the City of National City. New Century denies the remaining allegations of paragraph 8.

9. New Century denies knowledge or information sufficient to form a belief as to the allegations of paragraph 9 and therefore denies those allegations.

10. New Century denies knowledge or information sufficient to form a belief as to the allegations of paragraph 10 and therefore denies those allegations.

11. New Century denies the allegations of paragraph 11.

12. New Century denies the allegations of paragraph 12.

13. New Century admits that it has not paid any monies to plaintiff. New Century denies that any monies are owed to plaintiffs and denies the remaining allegations of paragraph 13.

14. To the extent that the Complaint dated January 28, 2008 is considered to be a demand for "rescission of the contract" and for "the return of plaintiff's monies," the allegations of paragraph 14 are admitted. New Century denies the remaining allegations of paragraph 14.

15. The allegations of paragraph 15 call for a legal conclusion, to which no answer is necessary. To the extent New Century is required to answer the allegations of paragraph 15, New Century denies the allegations and further denies that the relief requested should be granted.

16. New Century incorporates and realleges its answers to paragraphs 1 through 15.

17. New Century denies the allegations of paragraph 17.

18. New Century denies the allegations of paragraph 18.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. The Complaint, and each and every claim alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Laches)**

2. Each and every cause of action in the Complaint is barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3. Each and every cause of action in the Complaint is barred by the doctrine of estoppel due to plaintiff's own breach of the Agreement and breach of the covenant of good faith and fair dealing, thereby estopping the plaintiff of complaining of damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4. Each and every cause of action in the Complaint is barred by the doctrine of waiver. Plaintiff has waived any rights to rescind the Agreement.

### FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5. Each and every cause of action in the Complaint is barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

### (Plaintiff's Breach)

6. The first cause of action in the Complaint (rescission based on mutual mistake) is barred by virtue of plaintiff's breach of the Agreement.

### SEVENTH AFFIRMATIVE DEFENSE

### (Consent/Ratification)

7. The first cause of action in the Complaint (rescission based on mutual mistake) is barred because plaintiff authorized, consented to, and/or ratified the acts of defendant as alleged in the complaint, and therefore plaintiff may not complain thereof.

### JURY DEMAND

New Century demands trial by jury on all triable issues.

### COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, New Century alleges the following Counterclaims:

**PARTIES**

1. Upon information and belief, plaintiff McCune Motors ("McCune") is now, and was at all times herein mentioned, a corporation incorporated under the laws of the State of California, with its principal place of business in California.

2. New Century is a limited liability company established under the laws of the State of Oregon, with its principal place of business in Oregon.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of the claim for relief asserted herein pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship and the value of the matter in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (a)(1) because McCune resides in this judicial district.

**STATEMENT OF FACTS**

5. On or about September 12, 2005, Richard S. McCune (aka "Tony"), acting on behalf of McCune, signed the Agreement

6. The Agreement is a contract for New Century to manufacture, deliver and install a Fast Lube building for McCune.

7. Pursuant to the Agreement and at McCune's request, New Century manufactured a Fast Lube Building and has been ready, willing and able to deliver and install the building at McCune's proposed site, as required by the Agreement.

8. McCune has refused to permit New Century to deliver and install the building.

9. Pursuant to the Agreement, McCune promised to pay $354,660.00 to New Century, which included $20,000 for Two Bay Installation, and an estimated $11,000 for freight. McCune has paid only $230,000.00 to New Century.

10. A total of $300,000 was to have been paid in December of 2005 with the balance due upon installation of the building.

11. McCune owes New Century $93,660 for the balance owing under the contract, not including installation and freight, along with interest on unpaid monies, storage fees for the

building, insurance premiums, and other compensatory, consequential, and incidental damages.

12. New Century has performed all of the conditions of the Agreement that are required to be performed by New Century, except those conditions that McCune has prevented New Century from performing.

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

13. New Century realleges and incorporates paragraphs 1 through 12, inclusive, of this Counterclaim as though fully set forth herein.

14. As alleged hereinabove, New Century entered in to the Agreement with McCune whereby New Century would manufacture, deliver and install a Fast Lube building for McCune. At all relevant times, New Century performed its obligations under the Agreement.

15. As alleged hereinabove, McCune breached the Agreement by failing to pay the $354,660.00 owed under the terms of the Agreement. At present, New Century is owed $93,660.00 from McCune under the terms of the Agreement.

16. As a result of McCune's failure to pay, New Century has been damaged.

**SECOND CAUSE OF ACTION**

**(Specific Performance)**

17. New Century realleges and incorporates paragraphs 1 through 16, inclusive, of this Counterclaim as though fully set forth herein.

18. New Century has no adequate remedy at law because the Agreement was a contract for the manufacture, sale, delivery, and installation of a Fast Lube building for McCune, which has now been manufactured.

19. Further, the Fast Lube building has been manufactured for California installation and therefore the potential market to which New Century could attempt to resell to is limited. New Century does not currently know of any potential purchasers for the McCune's Fast Lube building.

20. New Century therefore seeks to enforce the parties' Agreement.

**WHEREFORE**, New Century prays for relief against McCune as follows:

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

08-CV-00396-LAB-WMC
DEFENDANT'S ANSWER AND COUNTERCLAIM

1. Judgment to be entered in favor of New Century and against McCune;

2. McCune's claims shall be dismissed with prejudice;

2. McCune shall take nothing from New Century;

3. The parties' Fast Lube Building System Agreement shall be enforced;

4. New Century shall be awarded $93,660 for the balance owing under the contract, not including installation and freight, along with interest on unpaid monies, storage fees for the building, insurance premiums, and other compensatory, consequential, and incidental damages.

5. McCune shall be obligated to accept delivery of the Fast Lube Building;

6. McCune shall be obligated to pay installation expenses of $20,000 pursuant to the parties' Agreement.

7. McCune shall be obligated to pay freight expenses pursuant to the parties' Agreement.

8. New Century shall be awarded its costs and expenses of suit herein;

9. For such other and further relief that the Court deems just and proper.

Dated: March 10, 2008

COOLEY GODWARD KRONISH LLP
KOJI F. FUKUMURA (189719)
RYAN E. BLAIR (246724)


**/s/ Ryan E. Blair**
Ryan E. Blair (246724)
Attorneys for Defendant New Century Buildings, LLC
Email: rblair@cooley.com

THE ROSEN LAW FIRM
STEVEN O. ROSEN (*pro hac vice application to be filed*)
Old Federal Courthouse, Suite 702
620 S.W. Main Street
Portland, OR 97205
Telephone:    (503) 525-2525
Facsimile:     (503) 525-2526
Attorneys for Defendant New Century Buildings, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2008, I electronically filed **DEFENDANT NEW CENTURY BUILDINGS, LLC'S ANSWER TO COMPLAINT AND COUNTERCLAIM** with the Clerk of the Court using the CM/ECF system.

I also hereby certify that I am personally and readily familiar with the business practice of Cooley Godward Kronish LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Diego, California to be served on the parties listed below on March 10, 2008:

Armando L Odorico
Armando Odorico Attorney at Law
600 West Broadway
Suite 1020
San Diego, CA 92101

Kendra A. Jones
COOLEY GODWARD KRONISH LLP
4401 Eastgate Mall
San Diego, CA  92121
Telephone:  (858) 550-6000
Facsimile:  (858) 550-6420
E-mail: kjones@cooley.com

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

08-CV-00396-LAB-WMC
DEFENDANT'S ANSWER AND COUNTERCLAIM